UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASLIN BEER COMPANY, LLC,

    Plaintiff,

v.                                                            Case No. 8:22-cv-2395-TPB-JSS

BREWFAB, LLC,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART "BREWFAB, LLC'S MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW"**

This matter is before the Court on Defendant "BrewFab, LLC's Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint and Incorporated Memorandum of Law," filed by counsel on November 16, 2022. (Doc. 9). On November 22, 2022, Plaintiff Aslin Beer Company filed a response in opposition. (Doc. 11). After reviewing the motion, response, court file, and the record, the Court finds as follows:

## Background

Aslin owns and operates a brewery in Alexandria, Virginia. On January 2, 2018, Aslin distributed a request for proposal ("RFP") for a fully automated 30-barrel brewhouse and manual brewhouse with the same capabilities. BrewFab designed, constructed, and installed the brewhouse purchased by Aslin.[1]

---

[1] The brewhouse is an automated brewing system that consists of multiple processes that create "wart" – the wart is then further mixed with hops to brew different varieties of beers.

Installation began in the fall of 2019, but Aslin contends issues with installation and operation arose immediately after the installation. Aslin alleges that BrewFab initially refused to perform the requisite work to make the brewhouse fully operational without an upfront, advanced payment, although BrewFab subsequently agreed to a 50% payment of the remaining balance and scheduled the additional work for March 9, 2020. According to Aslin, that work did not resolve the issues, and the brewhouse would shut down 15-20 times a day due to an electrical shortage. Aslin contends that additional manufacturing issues were also identified, but consistent with its earlier positions, BrewFab demanded additional payments to get the brewhouse working, and those issues were never truly fixed – the brewhouse was still not functioning as a fully automated system. Aslin claims that its problems with BrewFab are not unique, and that several other breweries face many of the same or similar issues after installing a BrewFab brewhouse.

On October 19, 2022, Aslin filed the instant lawsuit asserting several causes of action: breach of contract (Count I), breach of express warranty (Count II), and negligent misrepresentation (Count III). BrewFab has moved to dismiss the negligent misrepresentation claim (Count III), along with several categories of damages sought by Aslin.

**<u>Legal Standard</u>**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  As courts have explained, the purpose of Rule (9)(b) is to ensure that defendants have sufficient notice and information to formulate a defense.  *See Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1294 (M.D. Fla 2018).  "Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how." *Id.* (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

### *Count III – Negligent Misrepresentation*

BrewFab argues that Count III should be dismissed because (1) the claim is barred by the statute of limitations; (2) the claim is not alleged with the required specificity under Rule 9(b); and (3) the claim is barred by the independent tort doctrine and/or economic loss rule. Because the Court finds that the claim is not pled with the requisite specificity, it addresses that argument first.

Rule 9(b)

"To plead negligent misrepresentation under Florida law, a plaintiff must allege: (1) the defendant made a statement of material fact that the defendant believed was true but was actually false; (2) the defendant was negligent because he should have known the statement was false; (3) the defendant intended to induce the plaintiff to rely on the false statement; and (4) an injury resulted to the plaintiff acting in justifiable reliance on the false statement." *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1293 (M.D. Fla. 2010).

The specificity requirements of Rule 9(b) apply to claims for negligent misrepresentation, which sounds in fraud. *See, e.g., Linville v. Ginn Real Estate Co., LLC*, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010). To satisfy the requirements of Rule 9(b), a plaintiff must allege the following:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made[;] … (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same[;] … (3) the content of such statements and the manner in which they misled the plaintiff[;] and (4) what the defendants obtained as a consequence of the fraud.

*Drilling Consultants, Inc. v. First Montauk Sec. Corp.*, 806 F. Supp. 2d 1228, 1234 (M.D. Fla. 2011) (quoting *Ziemba v. Cascade Int'l Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

In this case, Aslin has failed to sufficiently plead a negligent misrepresentation claim. Aslin essentially alleges that BrewFab "represented" to Aslin that it could design, manufacture, and build a fully automated brewhouse, but this was false. However, Aslin points to no support for its position that submitting a request for proposal itself can support a negligent misrepresentation claim.

Aslin identifies no other written or spoken statements by BrewFab that could constitute misrepresentations of material fact and has therefore failed to allege sufficient factual detail as to any other alleged communications with BrewFab, including the identity of the speakers, when and where the conversations occurred, and the alleged motives. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (explaining pleading requirements of Rule 9(b)); *PNC Bank, N.A. v. M.D.K. Holdings, LLC*, No. 6:14-cv-598-Orl-41TBS, 2014 WL 12685922, at *2 (M.D. Fla. Oct. 22, 2014) (dismissing counterclaim with prejudice after concluding that counterclaimants failed to state a claim for negligent misrepresentation where they failed to allege, among other things, the time and place of each statement). The complaint also lacks well-pleaded allegations that Aslin actually relied on any of BrewFab's alleged misrepresentations beyond its conclusory and bare-bones statement. *See Jerue v. Drummond Co.*, No. 8:17-cv-587-T-17AEP, 2017 WL 10876737, at *12-13 (M.D. Fla. Aug. 17, 2017) (dismissing

negligent misrepresentation and fraud claims due to amended complaint's lack of well-pleaded allegations of reliance beyond cursory statement that plaintiffs relied on misrepresentations).

Consequently, Count III is dismissed, with leave to amend.

Economic Loss Rule/Independent Tort Doctrine

Although the Court is granting leave to amend, amendment may be futile due to the economic loss rule and/or independent tort doctrine. The economic loss rule precludes tort claims where the plaintiff has purchased a product that has failed to perform as promised but has caused no personal injury or damage to other property. The independent tort doctrine prohibits tort claims in the absence of a tort independent of the alleged breach of contract.

In this case, Aslin's negligent misrepresentation claim arises from the alleged failure of the brewhouse it purchased to perform as promised, and it therefore appears to fall squarely within the economic loss rule. The claim also appears to be indistinguishable from Aslin's breach of contract claim in Count 1 arising from BrewFab's failure to design, manufacture, and build a fully automated brewhouse, and as such appears to be precluded by the independent tort doctrine.

Because the Court is dismissing on pleading sufficiency grounds as discussed above, it does not further address the economic loss rule or independent tort doctrine at this time. Aslin will be permitted to reassert its negligent misrepresentation claim, if it may do so in good faith, and BrewFab will be permitted to raise these arguments again, if appropriate.

Statute of Limitations

The statute of limitations may also bar Count III. Granting a motion to dismiss "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Doe v. St. John's Episcopal Parish Day Sch.*, 997 F. Supp. 2d 1279, 1284 (M.D. Fla. 2014) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). However, it is not apparent at this time whether the claim is time-barred because the negligent misrepresentation claim is insufficiently pled. This argument may be raised again, if appropriate, if an amended complaint is filed.

*Punitive Damages*

In the motion, BrewFab argues that punitive damages are not sufficiently alleged because the complaint does not allege intentional or grossly negligent conduct. A negligent misrepresentation claim may support punitive damages. *See, e.g.*, *Burger King Corp. v. Austin*, 805 F. Supp. 1007, 1025 n.31 (S.D. Fla. 1992). Because Aslin has not adequately pled its negligent misrepresentation claim, its request for punitive damages is not proper. However, because the Court is granting leave to amend, Aslin will be permitted to reassert its claim for punitive damages, if it reasserts its negligent misrepresentation claim or identifies any other basis for punitive damages.

*Damages Under the Contract*

In Aslin's complaint, it seeks, among other things, consequential damages. BrewFab moves to dismiss or strike the request, arguing that incidental and

consequential damages are disallowed under the term of the contract. The warranty in the contract "DOES NOT include liability for any interruption of service, consequential damages, lost profits, product loss, work, services, or parts supplied by third parties." (Doc. 1-3 at p. 3). However, construing the complaint in light most favorable to Aslin, it appears that this disclaimer may be limited to warranty claims related to the allegedly defective equipment and not to claims outside of the warranty, such as the breach of contract claim alleged in Count I. The motion to dismiss is denied as to this ground.

***Attorney's Fees***

BrewFab contends that Aslin's demand for attorney's fees should be stricken because there is no contractual or statutory basis to support such an award. The complaint does not state a basis for the demand. However, in its response in opposition, Aslin contends that it is entitled to attorney's fees under the contract and/or through operation of § 57.105(7), *F.S.*

The contract provides for the award of attorney's fees in the event of a default under the "Late Payment/Default" clause. Even if this clause were a unilateral fee provision only related to late payment and collection efforts, Aslin argues that § 57.105(7), *F.S.* may permit a court to allow reasonable attorney's fees to the other party if that party prevails in *any* action with respect to the contract. Based on the limited briefing, it is not clear whether § 57.105's reciprocity should apply in the event of any breach of the contract or if it should be limited in scope, and there does

not appear to be any case law directly on point.[2]  In an abundance of caution, the Court will decline to strike the demand for attorney's fees at this time, but this issue may be revisited at a later stage of the proceedings.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "BrewFab, LLC's Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint and Incorporated Memorandum of Law" (Doc. 9) is hereby **GRANTED IN PART** and **DENIED IN PART**.

2. Count III of the complaint (Doc. 1) and the request for punitive damages are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3. Aslin may file an amended complaint, if it may do so in good faith, on or before March 21, 2023.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of March, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[2] The cases cited by Aslin in its response in opposition appear to be limited to situations imposing reciprocity under § 57.105 where the contract provides for attorney's fees for a party when that party is required to take any action to enforce the contract or prevails in any action to enforce a contract.  In the instant case, the attorney's fees provision may be more limited in scope and relate to collections activities only.  The Court does not make this determination, however, at this time.