UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASLIN BEER COMPANY, LLC,

    Plaintiff,

v.                                             Case No. 8:22-cv-2395-TPB-JSS

BREWFAB, LLC,

    Defendant.
_____/

**ORDER DENYING "BREWFAB, LLC'S MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW"**

This matter is before the Court on Defendant "BrewFab, LLC's Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint and Incorporated Memorandum of Law," filed by counsel on April 3, 2023. (Doc. 22). On April 21, 2023, Plaintiff Aslin Beer Company filed a response in opposition. (Doc. 23). After reviewing the motion, response, court file, and the record, the Court finds as follows:

## Background

Aslin owns and operates a brewery in Alexandria, Virginia. On January 2, 2018, Aslin distributed a request for proposal for a fully automated 30-barrel brewhouse and manual brewhouse with the same capabilities. BrewFab designed, constructed, and installed the brewhouse purchased by Aslin.[1] Installation began in the fall of 2019, but Aslin contends issues with installation and operation arose

---

[1] The brewhouse is an automated brewing system that consists of multiple processes that create "wart" – the wart is then further mixed with hops to brew different varieties of beers.

immediately after the installation.  Aslin alleges that BrewFab initially refused to perform the requisite work to make the brewhouse fully operational without an upfront, advanced payment, although BrewFab subsequently agreed to a 50% payment of the remaining balance and scheduled the additional work for March 9, 2020.  According to Aslin, that work did not resolve the issues, and the brewhouse would shut down 15-20 times a day due to an electrical shortage.  Aslin contends that additional manufacturing issues were also identified, but consistent with its earlier positions, BrewFab demanded additional payments to get the brewhouse working, and those issues were never truly fixed – the brewhouse was still not functioning as a fully automated system.  Aslin claims that its problems with BrewFab are not unique, and that several other breweries face many of the same or similar issues after installing a BrewFab brewhouse.

On October 19, 2022, Aslin filed the instant lawsuit asserting several causes of action: breach of contract (Count I), breach of express warranty (Count II), and negligent misrepresentation (Count III).  On March 7, 2023, the Court granted in part, and denied in part, BrewFab's motion to dismiss.  (Doc. 20).  On March 21, 2023, Aslin filed an amended complaint.  (Doc. 21).  BrewFab again seeks dismissal of the negligent misrepresentation claim, along with certain claims for damages.  (Doc. 22).

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to

relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As courts have explained, the purpose of Rule (9)(b) is to ensure that defendants have sufficient notice and information to formulate a defense. *See Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1294 (M.D. Fla 2018). "Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how." *Id.* (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic*

*Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

### *Count III – Negligent Misrepresentation*

BrewFab argues that Count III should be dismissed because (1) the claim is not alleged with the required specificity under Rule 9(b); (2) the claim is barred by the terms of the contract; (3) the claim is barred by the independent tort doctrine and/or economic loss rule; and (4) the claim is barred by the statute of limitations.

<u>Rule 9(b)</u>

"To plead negligent misrepresentation under Florida law, a plaintiff must allege: (1) the defendant made a statement of material fact that the defendant believed was true but was actually false; (2) the defendant was negligent because he should have known the statement was false; (3) the defendant intended to induce the plaintiff to rely on the false statement; and (4) an injury resulted to the plaintiff acting in justifiable reliance on the false statement." *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1293 (M.D. Fla. 2010).

The specificity requirements of Rule 9(b) apply to claims for negligent misrepresentation, which sounds in fraud. *See, e.g., Linville v. Ginn Real Estate Co., LLC*, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010). To satisfy the requirements of Rule 9(b), a plaintiff must allege the following:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made[;] … (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making)

> same[;] … (3) the content of such statements and the manner in which they misled the plaintiff[;] and (4) what the defendants obtained as a consequence of the fraud.

*Drilling Consultants, Inc. v. First Montauk Sec. Corp.*, 806 F. Supp. 2d 1228, 1234 (M.D. Fla. 2011) (quoting *Ziemba v. Cascade Int'l Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

Aslin relies on two statements to support its negligent misrepresentation claim: (1) a statement by Mr. Kyle Cureton, on behalf of BrewFab, on April 10, 2017, that BrewFab had designed a fully automated system at the CBC in Washington, D.C.; and (2) a statement by Mr. Cureton, on behalf of BrewFab, on February 9, 2018, that BrewFab had built a fully automated brewhouse for Scofflaw, including follow up texts purportedly showing the fully-automated system and encouraging a visit to inspect the brewhouse. This count is pled with the requisite specificity, and the motion to dismiss is denied as to this ground.

<u>Terms of the Contract</u>

BrewFab argues that the negligent misrepresentation claim is also barred by the terms of the contract, which contains a merger clause. The Eleventh Circuit has concluded that an integration clause does not necessarily prevent a party from alleging fraud. *Id.* (citing *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1028 (11th Cir. 2017)). Adhering to this precedent, the Court cannot conclude that the parties' subsequent contract – that did not contain the representations about the other brewing systems and included an integration clause – bars the negligent misrepresentation claim. The motion is denied as to this ground.

Economic Loss Rule/Independent Tort Doctrine

In the motion, BrewFab also argues that the negligent misrepresentation claim should be barred under the economic loss rule and/or independent tort doctrine. As pled, the negligent misrepresentation claim is premised on alleged misrepresentations made prior to the formation of the contract when Aslin entered into the contract based on BrewFab's oral representations that it constructed fully automated brewhouses for CBC and Scofflaw.

Under the facts alleged, the negligent misrepresentation claim is similar to a fraudulent inducement claim, and in Florida, fraud in the inducement is generally not barred by the economic loss rule. *See Premix-Marbletite Mfg. Corp. v. SKW Chemicals, Inc.*, 145 F. Supp. 2d 1348, 1359 (S.D. Fla. 2001). Aslin's negligent misrepresentation claim – which alleges misrepresentations as to the CBC and Scafflow systems that induced Aslin to enter into the contract with BrewFab – is independent of the contractual breach claim as to its own system. Consequently, the claim does not appear to be barred by the economic loss rule.

Considering the independent tort doctrine, "fraudulent inducement types of claims, where misrepresentations allegedly induced one to enter into a contract in the first place, are generally considered to be independent from a breach of contract." *Colombian Air Force Purchasing Agency (ACOFA) v. Union Temporal OVL CVRA Helicopteros 2018 LLC*, No. 21-cv-62516-RUIZ/STRAUSS, 2022 WL 18463418, at *8 (S.D. Fla. Dec. 27, 2022) (citing *Island Travel & Tours, Ltd. v. MYR Independent, Inc*, 300 So. 3d 1236, 1240 n.7 (Fla. 3d DCA 2020)). Although this is

not always the case, BrewFab has not demonstrated that the inducement-related misrepresentations at issue here are not independent from the breach of contract claim. As such, the claim does not appear to be barred by the independent tort doctrine.

Statute of Limitations

BrewFab also argues that the negligent misrepresentation claim is barred by the statute of limitations. Granting a motion to dismiss "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Doe v. St. John's Episcopal Parish Day Sch.*, 997 F. Supp. 2d 1279, 1284 (M.D. Fla. 2014) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The statute of limitations for a negligent misrepresentation claim is four years. §§ 95.11(3)(i), *F.S.* (providing four-year limitation period for fraud actions); *see Mayor's Jewelers, Inc. v. Meyrowitz*, No. 12-80055-CIV, 2012 WL 2344609, at *4 (S.D. Fla. June 20, 2012) ("[U]nder Florida law, an action for negligent misrepresentation sounds in fraud rather than negligence.").

The limitation period for fraud claims begins to run when "the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." § 95.031(2)(a), *F.S.*; *Mayor's Jewelers, Inc.*, 2012 WL 2344609, at *5. The complaint asserting the negligent misrepresentation claim was filed on October 19, 2022. As such, this claim is barred if the facts giving rise to the

cause of action were discovered or should have been discovered before October 19, 2018.

In the amended complaint, Aslin alleges that the negligent misrepresentations were made prior to the February 28, 2018, contract. (Doc. 21 at ¶¶ 14-21; 61). It is difficult to say – based on the allegations of the amended complaint and the lack of discovery at this stage of the proceedings – that Aslin discovered or should have discovered, with the exercise of due diligence, the alleged misrepresentations about the fully automated systems prior to October 19, 2018. Because the Court cannot say at this time, as a matter of law, that the statute of limitations bars the claim, the motion to dismiss is denied as to this ground. This issue may be raised later, if appropriate, at summary judgment or trial.

### *Punitive Damages*

In the motion, BrewFab argues that punitive damages are not sufficiently alleged because the complaint does not allege intentional or grossly negligent conduct. A negligent misrepresentation claim may support punitive damages. *See, e.g.*, *Burger King Corp. v. Austin*, 805 F. Supp. 1007, 1025 n.31 (S.D. Fla. 1992). Because Aslin has adequately pled its negligent misrepresentation claim, its request for punitive damages may be appropriate. Although it appears quite unlikely that this claim will support punitive damages, "the Court cannot conclusively state that such claim does not involve the type of 'gross negligence' referred to above at the motion to dismiss stage of this litigation." *Id.* at 1025. The motion is denied as to this ground.

*Damages Under the Contract*

In Aslin's amended complaint, it seeks, among other things, consequential damages. BrewFab moves to dismiss or strike the request, arguing that incidental and consequential damages are disallowed under the term of the contract. The Court denied the prior motion to dismiss on this ground, and BrewFab reasserts it here to avoid waiver. For the reasons discussed in the prior Order, the motion is denied as to this ground.

*Attorney's Fees*

BrewFab contends that Aslin's demand for attorney's fees should be stricken because there is no contractual or statutory basis to support such an award. The Court previously denied the motion to dismiss on this ground, and BrewFab reasserted the argument to avoid waiver. For the reasons discussed in the prior Order, the motion is denied without prejudice as to this ground. This issue may be revisited at a later stage of the proceedings, if appropriate.

*Paragraphs 36-38*

BrewFab requests the Court strike paragraphs 36-38 of the amended complaint as immaterial and impertinent. This request is denied. *See* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26TBM, 2012 WL 12920185, at *1 (M.D. Fla. Sept.

17, 2012); *United States v. MLU Serv., Inc.*, 544 F. Supp. 2d 1326, 1330 (M.D. Fla. 2008).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "BrewFab, LLC's Motion to Dismiss and Motion to Strike Portions of Plaintiff's Complaint and Incorporated Memorandum of Law" (Doc. 22) is hereby **DENIED**.

2. BrewFab is directed to file an answer on or before June 23, 2023.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of June, 2023.

　

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**